Contracts; decision of Contract Appeals Board on rema/nd; review of by court; jwisdiction of Board.- — This case grew out of a contract between plaintiff and the then Post Office Department. Controversy arose during performance; the contracting officer issued a decision adverse to plaintiff’s subcontractor ; plaintiff appealed the decision; and the contract appeals board dismissed the appeal as untimely. Plaintiff’s initial petition in this court sought reversal of the board’s decision, and in an opinion reported at 198 Ct. Cl. 72, 458 F. 2d 66 (1972), the court ordered that judicial proceedings be suspended pending plaintiff’s further pursuit of its administrative remedy through a possible discretionary waiver by the board of the contractual time-limit. On remand, the *1085 board in a decision dated September 7, 1972 concluded, on the assumption that it has power, in proper circumstances, to waive or extend the appeal period, that no facts or circumstances were presented in the appeal warranting or permitting the exercise of such assumed power. Plaintiff then filed in this court an amended and supplemental petition, and on April 4, 1973 plaintiff filed a motion asking (1) that it be granted a trial de novo on the first claim (alleged breach of contract) and (2) that it be allowed 30 days from the date of entry of judgment following the trial de novo within which to file an amended motion for summary judgment on its second claim (request for Wunderlich Act review of the board’s decision of September 7,1972). For reasons stated, the trial commissioner on April 30, 1973 allowed plaintiff’s motion. This case again came before the court on defendant’s request for review of the trial commissioner’s order pursuant to Eule 53(b)(3). Upon consideration thereof, without oral argument, the court is of the view that the Postal Service Board of Contract Appeals assumed arguendo that it had jurisdiction and then exercised its discretion adversely to plaintiff. It was not inappropriate in these circumstances to by-pass a definite ruling on the issue of jurisdiction. Monett v. United States, 190 Ct. Cl. 1, 5 n. 4, 419 F. 2d 434, 436 n. 4 (1969), cert. denied, 400 U.S. 846 (1970). The trial commissioner should now proceed to review the board’s determination under the standards of the Wunderlich Act, including whether discretion was abused. On June 1,1973 the court, by order, granted defendant’s request for review.
Judge Bennett dissented from the granting of the request for review.